IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-00319-F-1
No. 5:16-CV-00517-F

| | |
|---|---|
| NATHAN LEE FOSTER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-112] Nathan Lee Foster's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-104, -108].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully addressed below, the Government's Motion to Dismiss is ALLOWED and Foster's Motion to Vacate is DISMISSED.

## I. Factual and Procedural Background

On November 6, 2003, Foster was charged in a single-count indictment with possession with the intent to distribute more than five grams of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). *See* Indictment [DE-1].

At his arraignment, held on February 2, 2004, Foster pled guilty to the Indictment pursuant to a written plea agreement [DE-15]. Foster's sentencing hearing was held on April 13, 2004, and he was sentenced to 188 months' imprisonment. *See* Judgment [DE-17].

---

[1] Foster's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-104], which was filed on June 24, 2016. At the court's direction, Foster filed a "conforming" motion [DE-108] on July 11, 2016.

Foster filed three motions pursuant to 28 U.S.C. § 2255 [DE-19, -35, -70], and each of those motions were dismissed [DE-20[2], -36, -71]. On June 24, 2016, Foster filed the instant motion pursuant to 28 U.S.C. § 2255 [DE-104, -108]. Foster's sole claim is that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence violates due process. Mot. Vacate [DE-104] at 1.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

**Foster has failed to satisfy the requirements of 28 U.S.C. § 2255(h).**

As noted, this is not Foster's first § 2255 motion. Therefore, Foster must satisfy the requirements set forth in 28 U.S.C. § 2255(h), which provides as follows:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[2] Foster's first § 2255 motion was dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. The motion was deemed timely and addressed on the merits.

2

Case 5:03-cr-00319-F Document 117 Filed 09/15/16 Page 2 of 4

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The record does not reflect that the Fourth Circuit Court of Appeals has authorized Foster to pursue his second or successive § 2255 motion. Consequently, Foster's § 2255 motion is an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Moreover, while not every numerically second case is deemed second or successive, Foster has not alleged facts to show that the instant motion is not successive. *See e.g.*, *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second § 2255 motion should not be considered second or successive under § 2255(h) where the facts relied on by the movant did not exist when his first motion was filed and adjudicated); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (holding that when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, his collateral attack count is reset to zero).

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-112] is ALLOWED and Foster's Motion to Vacate [DE-104, -108] is DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but

when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 15 day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge